OPINION OF THE COURT
John V. Centra, J.
This lawsuit was commenced in 2002 and arises out of an alleged breach of a construction contract dated February 9, 2001. Plaintiff was originally represented by Frank Bersani, Jr., Esq. *914 In January 2005, Edward J. Sheats, Jr., Esq., was substituted as plaintiffs attorney.
Prior to February of 2003, defendant City of Syracuse began discussions with various City and school district employees about modernizing the standard city construction contract. Mr. Gary Crisalli of G.M. Crisalli & Associates, Inc. was asked to participate. Mr. Crisalli owns a general contracting and construction management firm that had provided construction management services to the City of Syracuse School District previously. After several meetings, with the consent of the City, Mr. Crisalli invited Mr. Sheats to attend with him. At no time did Mr. Sheats provide services that were paid for by the City. Also, during this period of time that Mr. Sheats was working with the City, his law firm and he were fully engaged in litigation with the City in at least two other actions.
Defendants object to the substitution of Mr. Sheats and, by the instant motion, seek to disqualify him and his law firm, Melvin & Melvin, because Mr. Sheats participated with his client, Mr. Crisalli, in working with the City to revise its construction contracts. Defendants contend that an attorney may not represent a client where he has formerly represented an adversary in a related matter and thereby acquired relevant confidential data. Defendants contend that in this case, Mr. Sheats attended meetings held by the City concerning the form of contract to be utilized for school district projects. At the meetings, he was presented with the terms of the contract and issues surrounding the City’s form of its construction contract which included concerns about the performance of this plaintiff, a party to the contract. Mr. Sheats gave advice about suggested revisions to the contract, including modification of the “no-damages-for-delay” provision which is at issue in this case. Defendants concede that the City never formally retained Mr. Sheats, but argue that Mr. Sheats attended and actively consulted at the meetings and was provided access to inside information about the City’s concerns, outlook and strategies about the contract that is at issue here. Defendants maintain that this access provided Mr. Sheats with information that could provide a strategic advantage against them in this lawsuit. As such, defendants request that the court not permit either Mr. Sheats or his firm to represent plaintiff in this case.
In addition, defendants seek to amend their answer to increase the amount of damages based on a reassessment of the amount sought. Plaintiff does not object to the amendment. *915 Plaintiff has cross-moved for a new scheduling order. That cross motion is granted with the consent of defendants.
When moving to disqualify counsel, the former client must demonstrate: “(1) the existence of a prior attorney-client relationship and (2) that the former and current representations are both adverse and substantially related.” (Solow v Grace & Co., 83 NY2d 303, 308 [1994].) The first issue that the court must determine, therefore, is whether defendants were former clients of Mr. Sheats. (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 132 [1996].)
In making a determination as to whether a prior attorney-client relationship existed between the City and Mr. Sheats, this court finds the following facts to be persuasive: Mr. Sheats never billed the City for his work; he had no independent confidential communications with the City; his attorney-client relationship was with Mr. Crisalli, whom he separately billed; and at all meetings with the City, Mr. Sheats was accompanied by a nonparty, namely, Mr. Crisalli.* Accordingly, this court finds that defendants have not proven that the City was a former client of Mr. Sheats with regard to his participation in the meetings with Mr. Crisalli concerning possible changes to the construction contracts of the City.
Having found that Mr. Sheats did not formerly represent the City, the issue of whether “the former and current representations are both adverse and substantially related” is moot. Therefore, defendants’ motion to disqualify Mr. Sheats and his law firm is denied.

 Although not dispositive of the issue, the fact that all communications were had in the presence of Mr. Sheats’ actual client, Mr. Crisalli, means that there could not have been any confidential communications between the City and Mr. Sheats.